IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD R. C. V., ET AL., | § | |
| | § | |
| Petitioners, | § | |
| | § | No. 3:26-cv-872-E-BN |
| V. | § | |
| | § | |
| WARDEN, PRAIRIELAND | § | |
| DETENTION FACILITY, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner, detained at Prairieland Detention Center in this district at the time of filing, filed a *pro se* 28 U.S.C. § 2241 habeas petition challenging his detention through a next friend. *See* Dkt. No. 1. The case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

With the petition, Petitioner filed three emergency motions, all seeking preliminary injunctive relief. *See* Dkt. Nos. 2, 3, 5. Specifically, Petitioner filed an emergency motion for immediate release from immigration detention [Dkt. No. 2], a motion for a temporary restraining order ("TRO") to prevent his transfer, deportation, or removal until resolution of the habeas petition [Dkt. No. 3], and an emergency motion seeking a stay of removal [Dkt. No. 5].

The undersigned recommends that the Court deny the motions.

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the

merits." *Canal Auth. of State of Fl. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (cleaned up).

So the decision on a motion seeking a TRO or preliminary injunction does "not amount to a ruling on the merits" of a plaintiff's claims, *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

In short, a TRO or preliminary injunction is not a device "to give a plaintiff the ultimate relief he seeks" through his claims. *Peters v. Davis*, No. 6:17-cv-595, 2018 WL 11463602, at 2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)). And, so, a motion or application for a TRO or preliminary injunction is properly denied when it is no more than a "motion to win."

"Specifically, a court cannot render ultimate relief sought in a habeas petition – releasing a detainee – in the form of a preliminary injunction or TRO." *Saechao v. Noem*, No. 3:26-cv-0624-X, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026) (citations

omitted); *accord Cano Alvarez v. S. La. Processing Ctr.*, No. 26-696, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes." (citations omitted)).

As to the request for a TRO to prevent Petitioner's transfer, this court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014)).

And, as to the request for a stay of removal, Petitioner does not allege sufficient facts to determine the status of his asylum application or removal. But, even if he had, "[a] request for stay of removal is a challenge to a removal order." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). And this Court lacks jurisdiction to grant such relief. *See id.*

The Court should therefore deny the motion for a temporary restraining order and the other emergency motions seeking preliminary injunctive relief.

## Recommendation

The Court should deny Petitioner's motions seeking preliminary injunctive relief [Dkt. Nos. 2, 3, 5].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 17, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE